UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK R. BREHM,

    Plaintiff,

v.                                CASE No. 8:09-CV-263-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] The plaintiff subsequently filed a motion to remand the case for reconsideration in light of new evidence (Doc. 15). Because the standards for a remand are met, I recommend that the plaintiff's motion for remand be granted and that the matter be remanded to the Commissioner of Social Security pursuant to the sixth sentence of 42 U.S.C. 405(g) for further consideration.

_____

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has a high school education, has worked in telemarketing (Tr. 35) and as an electronics technician (Tr. 883). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to bipolar disorder, heart disease, and lower back problems (Tr. 71). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "history of coronary artery disease, status-post triple bypass in March 2003; degenerative disc disease in the lumbar spine; and depression" (Tr. 36). He concluded that these impairments restricted the plaintiff to light work requiring minimal supervision in a low-stress, clean, temperature-controlled environment (id.). The law judge determined further that the plaintiff could perform occasional postural activities, but cannot climb, do highly aerobic tasks, or be exposed to dangerous moving equipment, machinery, or unprotected heights (id.). The law judge found that these restrictions prevented the plaintiff from returning to past work (id.).

However, based upon the testimony of a vocational expert, the law judge ruled that there were jobs that existed in significant numbers in the national economy that the plaintiff could perform (id.). Accordingly, the law judge decided that the plaintiff was not disabled (id.).

The plaintiff requested review of that determination and submitted new evidence to the Appeals Council regarding his psychological condition. The Appeals Council returned the evidence, reasoning that the plaintiff's new evidence did not relate to the relevant time period (Tr. 6). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

The plaintiff then filed suit in this court seeking review of the administrative decision. Subsequently, the plaintiff requested the court to remand the case for further consideration, asserting that new and material evidence based on a psychological misdiagnosis now exists that was not available at the time of the administrative hearing (Doc. 15).

II.

A federal court is authorized, in the sixth sentence of 42 U.S.C. 405(g), to remand a case upon "a showing that there is new evidence which is material and that there is good cause for failure to incorporate such

evidence into the record in a prior proceeding." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987); Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986); Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985). Evidence is material if there is a reasonable possibility that it will change the administrative result. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). There is uncertainty in the Eleventh Circuit whether a showing of good cause for the failure to submit the evidence during the administrative process is required under the sixth sentence. See Poellnitz v. Astrue, 2009 WL 3365953 (11th Cir. 2009)(unpub. dec.). In all events, if the additional evidence was not in existence at the time of the administrative hearing, then there is good cause for failing to submit the evidence at the administrative level. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988).

III.

As of the date of the law judge's decision, Dr. Nirmala Vardhan, the plaintiff's treating psychiatrist, assessed the plaintiff as having depression. Dr. Vardhan assigned the plaintiff Global Assessment of Functioning ("GAF") ratings of between 60 and 70 during 2003-04, indicating mostly

mild symptoms.² The plaintiff was subsequently hospitalized for psychiatric purposes, leading Dr. Vardhan, in September 2007, to conclude that she had misdiagnosed the plaintiff during the relevant time period. Consequently, nearly a year after the administrative decision of September 28, 2006, the psychiatrist explained that the claimant is not depressed as she had previously concluded, but rather suffers from bipolar disorder (Doc. 15-3, p. 1). Thus, Dr. Vardhan changed her earlier diagnosis of depression with the opinion that the plaintiff, all along, had bipolar disorder with a GAF score of between 45 and 50 (id.). A rating of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34.

The defendant concedes in his responsive memorandum that the evidence presented by the psychological evaluation is indeed new and non-

---

²The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 61-70 indicates "[s]ome mild symptoms ... OR some difficulty in social, occupational, or school functioning ..., but generally functioning pretty well, has some meaningful interpersonal relationships."

cumulative, and that there is good cause for failing to submit this evidence at the administrative hearing (Doc. 18, p. 2). However, the defendant contends that Dr. Vardhan's misdiagnosis is not "material" in that there is not a reasonable possibility that it would change the result of the administrative determination (id.). The defendant asserts, in this respect, that, since the value of GAF scores are questionable, they would not change the outcome (id., p. 3).

The Commissioner has declined to endorse the use of GAF scores in disability determinations. Wind v. Barnhart, 133 Fed. Appx. 684, 692 n. 5 (11th Cir. 2005)(unpub. dec.). However, the law judge used the plaintiff's high GAF scores as evidence that he was capable of doing more than he alleged (Tr, 32, 33, 34). He noted further Dr. Vardhan's opinion that the plaintiff's depression had steadily improved and was in remission (id.). Since the law judge gave weight to the GAF scores, Dr. Vardhan's retraction of the high GAF scores and assignment of a lower GAF score, as well as her change of diagnosis, would seemingly provide material and new evidence that could reasonably lead the law judge to conclude differently.

The defendant argues further that there is a lack of objective findings and that the psychiatrist's progress notes do not relate back to the

relevant period (Doc. 18, p. 3). Therefore, the defendant submits that the new evidence provided by the plaintiff does not establish that the symptoms identified were present during the time period at issue, and that the evidence would not be expected to change the administrative result in this case. That assertion is incorrect. The opinion of Dr. Vardhan clearly relates the conditions back to the date of the law judge's decision. On September 14, 2007, Dr. Vardhan wrote the following in her medical notes (Doc. 15-3, p. 1):

> In light of new evidence presented to me by veteran, I am convinced that he has suffered from Bipolar disorder for many years. In rertospect [sic] his use of drugs could have been to treat his symptoms and not to see a Psychiatrist. He always tried to portary [sic] his mood as stable to me till the end.

Further, in an addendum to that medical report, dated September 21, 2007, Dr. Vardhan noted:

> Apparently, his GAF level would have been much lower [45-50] during all those years, when he portrayed himself being stable.

Importantly, all that is required is a showing that there is a reasonable possibility that the new evidence could change the result. That is not a demanding standard. As indicated, the law judge used Dr. Vardhan's earlier opinion to support the conclusion that the plaintiff's mental

impairment was not as disabling as the plaintiff alleged (Tr. 33, 34). Since Dr. Vardhan not only changed her opinion, but also related her new opinion to the time of law judge's decision, there is a reasonable possibility that it will change the administrative decision. See Hyde v. Bowen, 823 F.2d 456, 459, n.4 (11th Cir. 1987).

In view of this circumstance, the new evidence is "material." The requirements for a sentence six remand under 42 U.S.C. 405(g) are therefore met.

IV.

For the foregoing reasons, I recommend that the plaintiff's Motion for Remand (Doc. 15) be granted, and the case remanded to the Commissioner under sentence six of 42 U.S.C 405(g).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE
DATED: NOVEMBER 4, 2009

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).